*926 Gibbons, J.,
dissenting:
I respectfully dissent from the majority’s conclusion that we should affirm the decision of the Nevada Commission on Judicial Discipline.
We have previously held that precluding the admission of evidence that supports an expert’s opinion may constitute an abuse of discretion.[1] In Born v. Eisenman,[2] a patient sued two surgeons for medical malpractice in performing an abdominal surgery. The surgeons’ experts testified that the patient’s injuries could not have resulted from the surgeons’ negligence because such result was medically impossible.[3] Judge Mosley, as the presiding district judge, precluded the patient’s expert from referring to a prior Colorado case describing a similar surgical event, and the jury found for the surgeons.[4] We reversed Judge Mosley’s decision and concluded that he abused his discretion by prohibiting the patient’s expert from referring to the Colorado case while allowing the surgeons’ experts to testify as to medical impossibility.[5]
The case at bar goes a step further. Jeffrey Stempel, a professor of law and author of several articles on legal ethics, proposed to testify on Judge Mosley’s behalf. Professor Stempel attempted to render an opinion on the judicial ethics questions in this case, but the Commission precluded his testimony
In Pineda v. State, we held that a defendant is entitled to call an expert witness when the expert’s testimony will be helpful to the trier of fact and corroborates the theory of defense.[6] We held that “ ‘[t]he due process clauses in our constitutions assure an accused the right to introduce into evidence any testimony or documentation which would tend to prove the defendant’s theory of the case.’ ’ ’[7] Judge Mosley planned to call Professor Stempel to testify regarding whether Judge Mosley violated the code of judicial conduct. Professor Stempel’s testimony was intended to advance Judge Mosley’s theory of the case. Accordingly, due process requires that Judge Mosley be allowed to present that testimony.
The majority cites to an article from the Judicial Conduct Reporter to support its decision to deny Judge Mosley’s right to due process. The authors of that article conclude that “[n]o legal scholar or judge . . . possesses unique knowledge of ethical standards that is more reliable than the independent decision- *927 making of the members of the judicial conduct organization.”[8] I disagree. Judge Mosley’s right to procedural due process trumps the authors’ opinions.
Apart from due process considerations, there are other valid justifications for admitting expert testimony on judicial ethics. West Virginia University College of Law Professor Carl M. Selinger has detailed three such justifications: (1) the inaccessibility of legal ethics law, (2) the advantage of objectivity, and (3) the advantage of cross-examination.[9]
First, the relative inaccessibility of legal ethics law supports the admission of expert testimony. “[A]s more ethics rules are drafted to cover only lawyers in particular practice contexts, it is possible for such rules to be much more accessible to, and readily understood by some lawyers than others.”[10] Such inaccessibility may support the admission of expert testimony even where the decision maker is relatively familiar with the rules at issue. This is true because the decision to consider expert testimony, subject to cross-examination, is “superior to relying only on the judge’s, or a law clerk’s, independent research, or on the arguments of non-scholar advocates.”[11] I suggest that this proposition is also applicable to cases tried before the Commission on Judicial Discipline.
Further, the admission of expert testimony provides the advantage of objectivity. “From the point of view of achieving justice, the main advantage that can be cited for the admission of legal ethics expert testimony is that it provides decisionmakers with more objective analysis of the issues than they would gain from advocacy alone.”[12] This is true because the scholar expert has no attorney-client relationship with the accused; thus, he has no duty to tailor his testimony regarding the alleged ethical violations to fit the defense’s theory of the case. Indeed, such tailoring would ruin the scholar’s reputation as an expert in the field whose opinions could be trusted by courts and disciplinary bodies.[13]
Finally, the admission of expert testimony provides the advantage of cross-examination. As Professor Selinger states, the opportunity *928 for cross-examination allows for a more thorough analysis of the expert’s opinion regarding ethical violations:
“[I]f an expert testifies before the court, cross-examination is available. Thus, the bases of the expert’s conclusions can be tested. However, if the court simply reads law review articles or books written by that same expert, cross-examination is not available and it is more difficult to attack the reliability of the opinions expressed.”[14]
Thus, this testimony allows the decision maker to consider the expert’s objective opinion regarding the alleged ethical violations. Admission further subjects the testimony to scrutiny from both the disciplinary body and opposing counsel. I submit that this system, though not universally endorsed, is preferable to the decision to deny Judge Mosley’s right to present expert testimony in support of his theory of the case.
In conclusion, the Commission’s actions were improper and constitute an abuse of discretion. Judge Mosley had a due process right to present expert testimony in support of his theory of the case. Furthermore, Professor Stempel’s testimony may have been helpful to the Commission in reaching its decision. Accordingly, I would reverse the decision and remand this case to the Commission with instructions to consider Professor Stempel’s testimony.

Born v. Eisenman, 114 Nev. 854, 962 P.2d 1227 (1998).

Id. at 855-56, 962 P.2d at 1228.

Id. at 858, 962 P.2d at 1229-30.

Id. at 857-58, 962 P.2d at 1229-30.

Id. at 861, 962 P.2d at 1231.

 120 Nev. 204, 213, 88 P.3d 827, 833-34 (2004).

Id. at 214, 88 P.3d at 834 (quoting Vipperman v. State, 96 Nev. 592, 596, 614 P.2d 532, 534 (1980) (emphasis added)).

Marla N. Greenstein & Steven Scheckman, The Judicial Ethics Expert Witness, Jud. Conduct Rep., Winter 2001, at 1.

See Carl M. Selinger, The Problematical Role of the Legal Ethics Expert Witness, 13 Geo. J. Legal Ethics 405, 409-18 (2000). Though Professor Selinger ultimately concluded that other ethical concerns outweigh these justifications, he did not suggest that the justifications are without merit. Rather, his article endorsed the use of ethics experts as advocates, as opposed to expert witnesses, as a better means of determining whether particular activities constitute ethical violations. Id.

Id. at 411.

Id.

Id. at 414.

Id.

Id. at 417 (quoting Charles W. Ehrhardt, The Conflict Concerning Expert Witnesses and Legal Conclusions, 92 W. Va. L. Rev. 645, 672 (1990)).